Filed 1/12/16  P. v. Tracy CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051107 |
| v. | (Super. Ct. No. 13WF3027) |
| JEFFREY ADAM TRACY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed in part, reversed in part, remanded.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Jeffrey Adam Tracy was charged in the first amended information with two counts of oral copulation or sexual penetration of a child 10 years old or younger (Pen. Code,[1] § 288.7, subd. (b); counts one and two), four counts of lewd acts on a child under 14 years of age (§ 288, subd. (a); counts three through six), and one count of recording a sex act with a minor (§ 311.4, subd. (c); count seven). Each of the offenses was alleged to have occurred sometime during a four-year span from January 1, 2008 and February 17, 2012. The information further alleged defendant engaged in substantial sexual conduct with the victim (§ 1203.066, subd. (a)(8)) in counts three, four, five, and six. The jury found defendant guilty on each count and found the special allegations true. The trial court sentenced defendant to 30 years to life for the two counts of oral copulation and ordered concurrent sentences on the remaining counts. He appeals and contends his convictions for oral copulation (counts one and two) and two counts of lewd acts on a child (counts three and four) must be reversed because the corpus delicti of those offenses was not established independent of his statements and the prosecutor's argument concerning the corpus delicti rule violated his right to due process. We affirm his convictions on two counts of lewd acts on a child (counts five and six) and his conviction for recording L.I. during a sex act (count seven). We reverse his convictions on counts one through four for insufficient evidence based on the failure to establish the corpus delicti for those offenses independent of defendant's statements, and remand the matter for resentencing.

I

FACTS

L.I. is the son of Amber I. He was born on 2004. Amber met defendant in 2004, after L.I. was born. They started dating in 2006 and married in 2009. They separated on February 17, 2012.

---

[1] All undesignated statutory references are to the Penal Code.

After they married, Amber had defendant bathe L.I. at night, but he started bathing L.I. in 2008, after he and Amber were engaged. L.I. and defendant "were really close" and spent "a lot of time" together. When Amber and defendant started to have marital problems in late 2011, she slept on the couch and defendant slept in the master bedroom. L.I. slept in bed with defendant on occasion. Amber said she would put L.I. in bed with defendant and then take L.I. to his bedroom after he fell asleep.

In September 2013, agents of Homeland Security executed a search warrant on defendant's parents' house, where he was living. Agents located a number of secured digital cards (SD cards) used to store digital images, including videos. The SD cards contained thousands of photographs and hundreds of videos of child pornography.

Defendant was interrogated at the residence while it was being searched. He admitted he collected child pornography and that he is sexually attracted to boys. Defendant said he probably fondled L.I. every time he bathed L.I., and that he bathed L.I. almost every night. Defendant stated he would "over wash" L.I.'s genitals, and L.I. would get an erection and laugh because he thought it was funny. Defendant found bathing L.I. "was very tempting." Defendant stated he recorded himself fondling L.I. on two or three occasions. Defendant also said he orally copulated L.I. on two or three occasions and recorded the acts. The acts or oral copulation occurred when L.I. was asleep in bed with defendant. Additionally, a search of defendant's computer revealed he had a Gmail conversation with another individual wherein defendant said he used to do things to his stepson when he (defendant) was married, including while giving the child a bath.

Amber was subsequently shown two "sanitized" versions of screen shots taken from recordings found in defendant's e-mail sent file. The screen shots blocked out the boy's penis and the adult's hand. She recognized L.I.'s legs, boxers, and blanket. Defendant admitted he was the adult in the recording.

3

Days after the search of defendant's residence, Agent Kim Speakman of Homeland Security, received a letter from defendant. It was addressed to L.I. and his mother, Amber. In the letter, defendant admitted molesting L.I. on a number of occasions and to having orally copulated him "a couple of times" while L.I. was asleep.

II

DISCUSSION

Defendant contends that other than the two counts in which he was recorded in the act of molesting L.I. (counts five and six), the evidence was insufficient to support the remaining convictions for child molestation and oral copulation. Specifically, he argues the prosecution did not establish the corpus delicti of those offenses and thus, he was convicted of the other crimes based solely on his extrajudicial statements.

The corpus delicti rule requires the prosecution to introduce some evidence of the charged crime independent of a defendant's extrajudicial statements. (*People v. Ledesma* (2006) 39 Cal.4th 641, 721.) In other words, a conviction cannot stand where the only evidence supporting the conviction consists of the defendant's extrajudicial statements. (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1180.) The purpose of the corpus delicti rule is to assure that a defendant has not confessed to a crime that was not committed. (*People v. Jennings* (1991) 53 Cal.3d 334, 368.) There are two elements to the corpus delicti: "'the fact of the injury or loss or harm, and the existence of a criminal agency as its cause.' [Citation.]" (*Id.* at p. 364.) "The amount of independent proof of a crime required for this purpose is quite small; we have described this quantum of evidence as 'slight' [citation] or 'minimal' [citation]. The People need make only a prima facie showing '"permitting the reasonable inference that a crime was committed."' [Citations.] The inference need not be 'the only, or even the most compelling, one . . . [but need only be] a *reasonable* one . . . .' [Citation.]" (*People v. Jones* (1998) 17 Cal.4th 279, 301-302.) In fact, the proof necessary to establish the corpus delicti is sufficient if "it permits an inference of criminal conduct, even if a noncriminal

4

explanation is also plausible. [Citations.]" (*People v. Alvarez*, *supra*, 27 Cal.4th at p. 1171.) Slight or minimal evidence suffices for purposes of establishing the corpus delicti. (*People v. Jennings*, *supra*, 53 Cal.3d at pp. 364, 367.)

Here, the facts are undisputed and present a legal question of whether the prosecution introduced sufficient evidence to establish the corpus delicti to admit defendant's statements. (*People v. Jones*, *supra*, 17 Cal.4th at p. 302.)

The Attorney General cites capital cases in which our Supreme Court found the corpus delicti of a sex offense established by the evidence. In *People v. Jennings*, *supra*, 53 Cal.3d at pages 367-368, the defendant contended his statements should not have been admitted into evidence because the prosecutor failed to introduce evidence of the corpus delicti of rape. The victim had been found nude and badly decomposed next to an irrigation ditch. Our Supreme Court rejected the argument, stating that although evidence of rape was "minimal," the evidence satisfied the corpus delicti rule. (*Id*. at p. 367.) "When the body of a young woman is found unclothed in a remote locale, an inference arises that some sexual activity occurred, thus satisfying the requirement that there be some showing of a loss, injury, or harm." (*Ibid*.) The fact that the victim was found in a location where the absence of clothing is not easily explainable and she suffered a broken jaw before being killed led to a reasonable inference any sexual acts occurred against her will. (*Id*. at pp. 367-368.)

In *People v. Jones*, *supra*, 17 Cal.4th at page 292, the defendant confessed to forcibly orally copulating the victim, in addition to committing other offenses against her. On appeal, he contended the corpus delicti for oral copulation had not been shown and the court erred in admitting his statement into evidence. (*Id*. at p. 299.) The court found the following evidence established the corpus delicti for forced oral copulation: Although she customarily wore panties, a bra, and shoes, the victim was not wearing them when she was found; she had bruises on her legs, knees, and thighs, as well as to her perineal area; semen was found in her vagina, her rectum, and on her external

genitalia; she was found on the dirt bordering an isolated road; and she had been forcibly abducted. (*Id*. at p. 302.) This evidence showed force had been used on the victim and that *multiple* sex acts had been committed. (*Ibid*.)

The victim in *People v. Robbins* (1988) 45 Cal.3d 867, was a six-year-old boy, last seen riding on a motorcycle with a blond man. The boy's skeletal remains were found months later. His neck had been broken and his remains were unclothed. The Supreme Court found the defendant's admission of sexually assaulting the boy was admissible under the corpus delicti rule. (*Id*. at pp. 885-886.) "Defendant was seen by one witness riding a motorcycle in the area of (and on the date of) the victim's disappearance, and the victim was last seen by another witness riding a motorcycle with a man matching defendant's description; no clothes were found at the scene of the crime; defendant's own experts described his 'primary diagnosis' as pedophilia; his admission of similar sexual conduct as to the very similar Texas crimes was confirmed by scientific evidence; and finally, the physical evidence of the homicide lends reliability to other aspects of defendant's confession, namely, his description of the lewd and lascivious conduct." (*Id*. at p. 886.)

The Attorney General also relies on *People v. Tompkins* (2010) 185 Cal.App.4th 1253 (*Tompkins*), for the proposition that the corpus delicti was established in this matter. In *Tompkins*, the appellate court reviewed the decision in *People v. Culton* (1992) 11 Cal.App.4th 363 (*Culton*), before concluding, "We read *Culton* as standing for the proposition that separate evidence is not required as to each individual count to establish the corpus delicti; rather, evidence that multiple molestations took place will establish the corpus delicti for multiple counts. [Citation.]" (*People v. Tompkins*, *supra*, 185 Cal.App.4th at p. 1260.) *Culton* and *Tompkins* do not compel a conclusion the prosecution introduced some evidence of the corpus delicti for oral copulation or other sex offenses over the more than four-year period charged in this matter merely by establishing defendant fondled L.I. on two separate occasions.

6

In *People v. Culton*, *supra*, 11 Cal.App.4th at page 368, the young female victim was examined by a physician who observed "abnormalities or physical symptoms which would have been consistent, in his opinion, with the possibility that the minor may have been the victim of sexual assault or abuse." The abnormalities or symptoms were labial adhesions to the minor's vaginal lip ring and the size of her hymen. (*Ibid.*) According to the doctor, the adhesions could have resulted from "a third person rubbing the minor's labia with a finger or a hand to the point where the inner surfaces of the labia became rough or scraped." (*Ibid*.) Not only were the adhesions not inconsistent with multiple occasions of very rough, prolonged rubbing (*id*. at p. 369), but the minor's hymen was enlarged to the point where in a nonsuspected sexual abuse population, only five percent of the young girls would have a hymen as large as the victim's. At her age, the hymen is stretchable and penetration by a finger or other object could result in enlargement of the hymen (*id*. at p. 370). The trial court admitted defendant's extrajudicial statement tantamount to a confession of 10 counts of committing a lewd act on a child, based on the doctor's testimony. (*Id*. at pp. 365, 371.) The appellate court affirmed the convictions, finding the doctor's testimony permitted a reasonable inference the adhesions and the enlarged hymen were consistent with the minor having been sexually abused over a period of time. (*Id*. at pp. 372-373.)

In *People v. Tompkins*, *supra*, 185 Cal.App.4th 1253, the defendant was convicted of 11 counts of lewd acts on a minor under the age of 14. The minor was defendant's daughter. (*Id*. at pp. 1256, 1258.) He contended on appeal that six of his convictions involving his daughter should be reversed because the only evidence supporting those counts consisted of his statements to an investigator. (*Id*. at p. 1259.) Relying on *Culton*, the *Tompkins* court upheld the convictions because the defendant's daughter testified to having been molested by defendant "more than once and less than 50 times" and told an investigator that defendant molested her every other weekend during the two-year period he had visitation. (*People v. Tompkins*, *supra*, 185 Cal.App.4th at

7

pp. 1257, 1260.)  This evidence supported introducing defendant's admission concerning 11 counts of lewd acts on a child.  (*Id*. at p. 1262.)

The facts in the present case are not analogous to those in *Culton* or *Tompkins*.  Whereas in *Culton* there was independent evidence the victim had been molested on a number of occasions, as evidenced by the adhesions found during a medical examination (*People v. Culton*, *supra*, 11 Cal.App.4th at pp. 368-370), and there was independent evidence in *Tompkins* that defendant molested his daughter every other weekend he visited her during a two-year period (*People v. Tompkins*, *supra*, 185 Cal.App.4th at pp. 1257, 1260), here the independent evidence showed L.I. was molested in this matter on two separate occasions (counts five and six), as evidenced by the recordings made on those occasions.  Other than defendant's statements, there is no evidence L.I. was molested more than twice.  L.I. did not testify and there was no medical evidence indicating multiple molestations.

We do not take the *Tompkins* court's statement that "separate evidence is not required as to each individual count to establish the corpus delicti; rather, evidence that multiple molestations took place will establish the corpus delicti for multiple counts" (*People v. Tompkins*, *supra*, 185 Cal.App.4th at p. 1260), to mean evidence of two incidents of fondling means the corpus delicti for oral copulation and multiple *other* molestations have been shown, even by the lax standard used to establish a corpus delicti. That was simply not a question before court in *Tompkins*, where the victim testified to dozens of molestations.  Moreover, unlike the situation in *People v. Jones*, *supra*, 17 Cal.4th at page 302, where there was evidence demonstrating more than one sex offense was committed against the victim on a single occasion, there is no evidence in the present case permitting a reasonable inference L.I. was molested more than once on each of the two occasions when defendant fondled L.I. and recorded the act.

The fact that defendant appears to be a deserving miscreant does not permit us to find the corpus delicti for sex offenses without any showing—independent of

defendant's statements—of harm, loss, or injury that may have been caused on a number of other occasions. Opportunity and a penchant to commit a particular injury, loss, or harm is not a substitute for evidence *of* an injury, loss, or harm. Accordingly, we conclude the evidence is insufficient to support the convictions on counts one, two, three, and four. Our resolution renders moot defendant's contention that the prosecutor's argument relating to corpus delicti was improper.

III

DISPOSITION

The convictions on counts one through four (and the special allegations attached thereto) are reversed. The convictions on counts five, six, and seven are affirmed. The matter is remanded to the superior court for resentencing.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J

9